UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re: <br><br> WESTON NURSERIES, INC., <br><br> Debtor | Case No. 05-49884 JBR <br><br> Chapter 11 |

**MEMORANDUM OF DECISION**

**INTRODUCTION**

This matter comes before the court on the Debtor's Motion for Summary Judgment With Respect to Fee Application of Cushman & Wakefield of Massachusetts, Inc.("C & W"). C & W filed its Fee Application on June 18, 2007 in the amount of $454,483. (Docket No. 614). The grounds for this fee application is that C & W, as broker for the Debtor, rendered certain services relating to the sale of between 600 and 700 acres of real estate located in Hopkinton, Massachusetts.("Property"). (Docket No. 614). C & W filed a Supplemental Statement to its Fee Application on October 2, 2007. (Docket No. 696). On October 12, 2007, the Debtor filed a Motion for Summary Judgment with respect to C & W's Fee Application.(Docket No. 698). C & W then filed a Response to Debtor's Motion for Summary Judgment on March 7, 2008.(Docket No. 794). The Debtor filed a Reply to C & W's Response on March 28, 2008.(Docket No. 813). A hearing on this matter was held on April 2, 2008.

1

**FACTS**

On June 1, 2006, this Court entered an Order on Debtor's Renewed Motion for Order Authorizing Engagement of Cushman & Wakefield of Massachusetts, Inc. as Debtor's Real Estate Broker and Payment of Broker's Fee Upon Closing of the Sale of the Property.("Engagement Order"). (Docket No. 269). This Engagement Order incorporates certain terms of the Exclusive Sales Agency Contract ("Contract") between C &W and Mezitt Agricultural Corporation, Roger M. Mezitt, and Wayne Mezitt. (Engagement Order, 1). The Engagement Order granted C & W the exclusive right to market the Property until June 30, 2006. (Engagement Order, 3). The Engagement Order also permitted C & W to recover a commission from the sale of the Property if it complied with certain terms of the Contract. (Engagement Order, 2).

The Contract sets forth the only circumstances under which C & W is entitled to a commission from the sale of the property.

> In the event that: (i) at any time during the term of this Agreement, a Sale occurs on any terms acceptable to Owner, with any Purchaser who is procured by C & W, or by Owner, or by any other person; or (ii) within six months after expiration or termination of this Agreement, an agreement for a sale is executed by Owner on any terms acceptable to Owner with any Prospect and both prior to, and during such six (6) month period immediately after, the expiration or termination of this Agreement, C & W has continued to participate actively in the negotiation with such Prospect on a best effort basis, except to the extent that Owner otherwise requests; then, in either such event, Owner agrees to pay C & W a sales commission equal to the gross sales price multiplied by the applicable percentage set forth in Schedule B attached hereto; provided, however that notwithstanding any term or provision hereof to the contrary, a commission shall be payable to C &W only if, as and when a sale shall occur as evidenced by the Closing.

(Contract, Page 2, Paragraph 7). No sale of the property occurred by June 30, 2006, the expiration of C & W's exclusive rights period. (Debtor's Reply to Response of C & W to Debtor's Motion for Summary Judgment With Respect to Application of C & W, 3).[1] Rather, on July 27, 2007, a sale of the property to Hopkinton Farms LLC, an affiliate of The Boulder Company, closed. (Debtor's Reply to Response, 3).

C & W argues that the Court should deny Debtor's Motion for Summary Judgment With Respect to Application of C & W of Massachusetts, Inc. for Compensation[2] because there is a genuine issue of material fact as to whether C & W complied with the terms of the Contract and is therefore entitled to a commission for the sale of the Property. More specifically, C & W argues that it has presented specific facts indicating that the purchaser of the Property, The Boulder Company, was a "Prospect" before the Engagement Order's expiration. The term "Prospect" is defined in Paragraph 13(k) of the Contract as:

> A Purchaser in a Sale for which the Closing occurs pursuant to an agreement of sale executed within the six (6) month period immediately following the expiration or termination of this Agreement, provided that (i) prior to the expiration of termination of this Agreement, such Purchaser engages in substantive discussions with, and made a written proposal to, C & W regarding a Sale, (ii), such Purchaser visited the Property prior to the expiration or termination of this Agreement, and (iii) such Purchaser is identified by C &W on a written list provided to Owner within ten (10) days after expiration of termination of this Agreement.

(Contract, Page 5-6, Paragraph 13(k)).

---

[1] Hereinafter, "Debtor's Reply to Response."
[2] Hereinafter, "Debtor's Motion for Summary Judgment."

## POSITION OF THE PARTIES

C & W argues that there is a genuine issue of material fact as to whether it complied with its obligations under the Contract. (Response of C & W of Massachusetts, Inc. to the Debtor's Motion for Summary Judgment With Respect to Fee Application of C & W of Massachusetts, Inc., for Compensation, 6)[3] The Debtor argues that C & W has failed to produce any evidence indicating that it complied with its obligations under the Contract because the Debtor did not enter into a purchase and sale agreement with a "Prospect" within six months after expiration or termination of the Contract. (Debtor's Motion for Summary Judgment, 2). Therefore, the Debtor argues that the Court should grant its Motion for Summary Judgment.

## STANDARD FOR SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P. 56(c), made applicable by FED. R. BANKR. P. 7056, summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A nonmoving party is not allowed to rely upon the mere allegations in a complaint or denials in an answer, but the nonmoving party's "response . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R.

---

[3] Hereinafter "Response of C & W."

Civ. P. 56(f). The nonmoving party is not required to produce evidence in a form admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

**ANALYSIS**

In order to defeat Debtor's Motion for Summary Judgment, C & W must show that there is a genuine issue of material fact as to whether Hopkinton Farms LLC or its affiliate, The Boulder Company, was a "Prospect" prior to June 30, 2006, the Contract's expiration date. The fact that C & W may have worked "countless hours" in its effort to sell the property is immaterial if C & W cannot present any factual evidence indicating that the requirements of the Contract have been met.

The first requirement of a "Prospect" is that "Prior to the expiration or termination of this Contract, such Purchaser engaged in substantive discussions with, **and** made a written proposal to, C & W regarding a sale." (Contract, Page 5, Paragraph 13(k)). In its Response, C & W attaches the affidavit of Marci Loeber, the company's authorized representative. In this affidavit, Loeber breaks down the negotiations for the sale of the property into two different "phases." (Loeber Affidavit, 2). The "first phase" of negotiations took place before the Engagement Order was issued and the "second phase" took place after the Engagement Order was issued. In the last paragraph of the second page of her affidavit, Loeber states, "C & W procured 7 credible offers from the likes of The Boulder Company." (Loeber Affidavit, 3) Loeber's allegations indicate that C & W may have engaged in substantive discussions with The Boulder Company. However, neither Loeber's affidavit nor any other document attached to C & W's response presents evidence indicating that Boulder and C & W made any written proposal regarding the

sale of the Property. Accordingly, there is no genuine issue of material fact as to whether the first requirement of the Contract is met.

Whether there is a genuine issue of material fact as to the remaining two requirements of the Contract is immaterial. According to the Contract, an entity must meet all three elements of 13(k) to qualify as a "Prospect." (Contract, Pages 5-7, Paragraph 13(k)). Nevertheless, C & W fails to show that The Boulder Company was identified by a written list provided to Owner within ten days after expiration or termination of the contract. A list of interested buyers was provided to the Debtor by C & W on July 11, 2006.(Response of C & W, Exhibit 5). The contract expired on June 30, 2006. More than 10 days lapsed between the expiration of the contract and the list provided to the Debtor. Further, this list does not identify Boulder or its principal, Roger McDowell, as a potential buyer. There is no genuine issue of material fact that this requirement was not met.

Further, even if C & W could present sufficient facts to defeat summary judgment on the issue of whether Boulder is a "Prospect," C & W still fails to meet another requirement of the Contract: that C & W enter into a purchase and sale agreement with a prospect *within six months* after the termination of the agreement. (Contract, Page 2, Paragraph 7). The Engagement Order terminated on June 30, 2006 and the Property was sold on July 27, 2007. C & W has not provided the Court with facts showing that Boulder entered into a purchase and sale agreement within six months of the Contract's termination date.

Citing *Chisholm v. McCarthy*, 88 N.E.2d 903 (Mass. 1949), C & W argues that its motion for summary judgment should be granted because it was the "efficient,

6

proximating cause resulting in the sale" and the question of efficient cause is at least a question of fact for the jury. C & W's argument fails to recognize that, in *Chisholm*, the plaintiff/broker was not bound to any express contract agreement similar to the one before the Court. *Chisholm* provides no authority for the proposition that the "efficient, proximating cause" standard can override the express terms of a contract. *Chisholm* simply holds that the determination of whether a broker is an "efficient, proximating cause" is an issue of fact for the jury to decide. Whether C & W is an "efficient, proximating cause" of the transaction is not relevant to the issue before the Court.

## CONCLUSION

The Court hereby GRANTS Debtor's Motion for Summary Judgment with Respect to Fee Application of Cushman & Wakefield of Massachusetts, Inc. for Compensation.

A separate order will issue.

Dated April 14, 2008

By the Court,

Joel B. Rosenthal
United States Bankruptcy Judge