United States Bankruptcy Court
District of Massachusetts

In re:                                      )
                                            )
WESTON NURSERIES, INC.,                     )    Chapter 11
                    DEBTOR.                 )    Case No.05-49884-JBR
_____)

**DECISION AND ORDER REGARDING MOTION FOR RECONSIDERATION [#873]**

This matter having come before the Court on the Motion for reconsideration of Order Dated April 24, 2009 and determination that Court Lacks Jurisdiction over Debtor's Motion to Compel [#873] (the "Reconsideration Motion") after due consideration of the Reconsideration Motion, the Opposition of Roger Mezitt to the Reconsideration Motion [# 876] and supporting pleadings, the Motion to Compel [#826], the Court's Memorandum of Decision on the Motion to Compel [#870], and the Order of April 24, 2009 [#871], the Court hereby makes the following findings of fact and conclusions of law:

1. A motion to reconsider is governed by Fed. R. Civ. P. 59(e) made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023 or Fed. R. Civ. P. 60 made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024. "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. A party may not submit evidence that is not newly discovered in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986) (citations omitted). A motion for reconsideration is appropriate when there has been a significant change in the law or facts since the submission of the issue to the court; it is not a vehicle for an

unsuccessful party to rehash the same facts and same arguments previously presented. *Keyes v. National Railroad Passenger*, 766 F. Supp. 277, 280 (E.D.Pa. 1991).

    2. The Reconsideration Motion fails to allege any newly discovered evidence, any manifest error of law, or any significant change in the law that would affect the prior outcome. In fact, as the Debtor acknowledges in its Reconsideration Motion, it suspected the alleged fraud at least as early as December 2008 and confirmed its beliefs prior to the Court's final hearing on the Motion to Compel. Thus there Reconsideration Motion does not allege any newly discovered evidence.

    3. Moreover, the Debtor misses the point of a motion to reconsider. While it and the opposition devote considerable time and space to the existence or absence of alleged fraud, the Court's Order of April 24, 2009 denied the Motion to Compel because the Court lacked jurisdiction over this dispute which, as the Memorandum of Decision highlights, is a dispute between two non-debtor brothers. Nothing in the Motion for Reconsideration alters that. As the Court previously observed, the creditors have been paid in full. The outcome of this family feud will have no impact on the bankruptcy estate, if such an entity even exists when a plan has been fully consummated.

    4. Finally, to the extent that Roger Mezitt raises the issue of whether the Debtor and/or its counsel violated Fed. R. Bankr. P. 9011, his pleadings do not reflect that he complied with Fed. R. Bankr. P. 9011(c)(1) which requires a separate pleading but more importantly affords safe harbor to a movant who withdraws the offending pleading after receiving notice of the alleged violation. Moreover this Court declines to issue an order to show cause on its own initiative pursuant to Fed. R. Bankr. P. 9011(c)(2) as the siblings' wrangling already have cause

the Court to spend far too much time and effort on issues unrelated to the Debtor's reorganization.

    For the foregoing reasons, the Motion is hereby DENIED.

*/s/ Joel B. Rosenthal*

Dated:  May 18, 2009                              _____
                                                          Joel B. Rosenthal
                                                          United States Bankruptcy Judge.